UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                            Case Number 22-20143

v.                                                      Honorable David M. Lawson

RHEANNA ROSE SALYER,

                Defendant.

_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION FOR
## LEAVE TO FILE SENTENCING MEMORANDUM UNDER SEAL

      This matter is before the Court on the defendant's motion for leave to file her sentencing memorandum and her present motion under seal. The defendant seeks to prevent the disclosure of sensitive information regarding her medical history and condition. The Court has reviewed the motion to seal and finds that it should be granted in part. Although the defendant may file her sentencing memorandum under seal, she has not provided an adequate basis for sealing her motion or this order.

      "The courts have long recognized . . . a 'strong presumption in favor of openness' as to court records," and "[t]he burden of overcoming that presumption is borne by the party that seeks to seal them." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "The burden is a heavy one," and "'[o]nly the most compelling reasons can justify non-disclosure of judicial records.'" *Ibid.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "[T]he public is entitled to assess for itself the merits of judicial decisions," and, thus, the public "'has an interest in ascertaining what evidence and records the District Court [has] relied upon in reaching [its] decisions.'" *Ibid.* (quoting *Brown*, 710 F.2d at 1181). And,

"even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Ibid.* (citing *Press-Enterprise Co. v. Super. Ct. of Cal.*, 464 U.S. 501, 509-11 (1984)). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305-06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)).

The defendant has demonstrated that she has a privacy interest in the non-disclosure of her medical information. *See* 42 C.F.R. §164.502(a), (b). However, no medical or other confidential information is contained in her motion, which merely asks for leave to file her sentencing memorandum under seal. The defendant has not provided any other reason for sealing her motion or this order.

Accordingly, it is **ORDERED** that the defendant's motion to seal is **GRANTED IN PART** (ECF No. 43), and the defendant is permitted to file **only** her sentencing memorandum **UNDER SEAL**.

It is further **ORDERED** that the defendant's motion to seal (ECF No. 43) shall be **UNSEALED**.

s/David M. Lawson<br>DAVID M. LAWSON<br>United States District Judge

Dated:   May 4, 2023